William F. Ketcham, Esq. Informal Opinion Corporation Counsel No. 96-45 City of Newburgh City Hall 83 Broadway Newburgh, N Y 12550
Dear Mr. Ketcham:
You have asked whether a city may enact local legislation requiring that a property owner be current in the payment of all real property tax bills as a condition of issuance by the city of any license or permit affecting such property, including certificates of occupancy. Specifically, you inquire whether section 379 of the Executive Law, which is part of the New York State Uniform Fire Prevention and Building Code Act, provides authority for such local legislation.
We do not believe that section 379(1) of the Executive Law authorizes the proposed local legislation. That provision authorizes the legislative body of any local government to enact local laws or ordinances imposing higher or more restrictive standards for construction within the jurisdiction of that local government than are applicable under the Uniform Code. If the State Fire Prevention and Building Code Council finds that the higher or more restrictive standards are reasonably necessary because of special conditions prevailing in that jurisdiction and that the standards conform with accepted engineering and fire prevention practices and with the general purposes served by the Uniform Code, the Council must adopt these standards in whole or in part. Executive Law § 379(2).
It seems clear that the Legislature has authorized locally enacted higher or more restrictive construction standards than those provided in the Uniform Code that are reasonably necessary because of local conditions and which promote the purposes served by the Uniform Code. Generally, the purpose of the Uniform Code is to provide uniform standards and requirements for construction and construction materials, consistent with accepted standards of engineering and fire prevention. Id., § 377(2)(a).
Therefore, it is our view that section 379 of the Executive Law does not authorize a municipality to condition the issuance of a certificate of occupancy upon the payment of outstanding real property tax bills. That condition is unrelated to construction standards and the purpose of the Uniform Code.
Nor, in our view, may the city condition the issuance of other licenses or permits affecting real property upon the payment of such tax bills. While a municipality, for example, through its subdivision and site plan regulations may attach conditions to the development of property, the conditions imposed must be reasonable and related only to the proposed use of the property. Op Atty Gen (Inf) No. 84-6. See, for example, sections 32, et seq., of the General City Law relating to approval of subdivisions.
There is an established procedure for the collection of delinquent real property taxes. Real Property Tax Law, Art 11, Title 3. That procedure may result in the sale of the affected property by the municipality in order to collect the taxes owed. The statute provides no authority to condition the issuance of licenses or permits affecting the real property upon the payment of delinquent taxes.
We conclude that a municipality is not authorized to condition the issuance of permits or licenses affecting real property upon the payment of delinquent real property taxes.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE
Assistant Attorney General in Charge of Opinions